**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Andre Jermaine Lucas, | ) | |
| Petitioner, | ) | |
| | ) | No. 21 CV 50090 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| Thomas Bergami,[1] | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Andre Jermaine Lucas seeks the restoration of good conduct time he lost because of numerous disciplinary proceedings. For the following reasons, his petition [1] is denied.

**BACKGROUND**

Mr. Lucas filed this petition under 28 U.S.C. § 2241 while at USP Thomson within the Northern District of Illinois.[2] He challenges good conduct time he lost as a result of disciplinary proceedings while at USP McCreary, USP Big Sandy, and USP Thomson. The basis for Mr. Lucas' challenge to each loss of good conduct time is that he never received a written decision from any of the disciplinary hearing officers who sanctioned him. Because he never received the written decisions, he contends that he was never able to pursue administrative appeals of those decisions. According to the petition, if he had received the written reports, he would have been able to mount successful administrative appeals because a lot of the decisions "were frivolous and I could beat." Petition [1] at 6.

**ANALYSIS**

Persons in the custody of the Bureau of Prisons have a liberty interest in good conduct time, and can challenge the loss of good conduct time by filing a motion for habeas relief under 28 U.S.C. § 2241. *See Jackson v . Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). Although prisoners have due process rights in prison disciplinary proceedings, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). As a result, a prisoner has received due process if each of the following requirements are met: the prisoner (1) receives

---

[1] The warden of USP Thomson is now Thomas Bergami. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

[2] A habeas petition is properly filed in the district where the inmate is located at the time of filing. *See al–Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir.2004). The Bureau of Prisons website gives Mr. Lucas' release date of January 13, 2023, but not his current location. *See* https://www.bop.gov/inmateloc/ (last visited June 29, 2022). The Court assumes he remains at Thomson because he has not advised the Court otherwise, but even if has been transferred, "a prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction." *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021).

written notice of the disciplinary charges at least 24 hours before a disciplinary hearing; (2) has an opportunity to be heard before an impartial decision maker; (3) is able to call witnesses and present evidence that will not be unduly hazardous to safety or correctional goals; (4) receives a written statement of the evidence relied on and the reason for the decision; and (5) receives disclosures of any exculpatory evidence. *Id.* at 564-66.

A federal prisoner must exhaust his federal administrative remedies before seeking habeas relief in court. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not."). Proper exhaustion requires compliance with the Bureau of Prisons' Administrative Remedy Program, which is set out at 28 C.F.R. §§ 542.10-542.19. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Under the program, an inmate must first attempt to resolve an issue informally. *See* 28 C.F.R. § 542.13. Within 20 days of the date on which the basis of the request occurred, an inmate may initiate administrative review by filing a written Administrative Remedy Request using form BP-9. *Id.* § 542.14. The warden must respond within 20 days. *Id.* § 542.18. If the inmate is not satisfied with the response, within 20 days he may submit an Appeal to the Regional Director using form BP-10, which must be "accompanied by one complete copy or duplicate original of the institution Request and response." *Id.* § 542.15(a), (b). The Regional Director has 30 days to respond. *Id.* § 542.18. If the inmate is still not satisfied, he must take a final appeal to the Office of General Counsel in Washington, D.C. using form BP-11, which must be "accompanied by one complete copy or duplicate original of the institution and regional filings and their responses." *Id.* § 542.15(a), (b). The General Counsel must respond within 40 days. *Id.* § 542.18. If an inmate does not receive a timely response to his informal request, grievance, or appeals, he "may consider the absence of a response to be a denial at that level." *Id.*

Although Mr. Lucas contends that he was unable to pursue administrative remedies seeking to restore his good conduct time because he never received the disciplinary hearing officers' written decisions, he never contends that he informally asked for the written decisions, or ever initiated an administrative proceeding to obtain them. In addition, according to the government's response brief and a supporting affidavit, the administrative remedy clerk at Thomson reviewed all of administrative remedy requests that Mr. Lucas has filed, and none of the eight he has filed requested a copy of any of his disciplinary hearing officer reports. Response [6] at 3 (citing Exhibit A, the affidavit of Bree Reicks). In his reply brief, Mr. Lucas does not take issue with the government's assertion. As a result, he has not administratively exhausted the due process violation he alleges in this petition, which is that he never received a written statement of the evidence relied on and the reason for the disciplinary hearing officer's decision as required under *Wolff*. That is exactly the type of issue the Bureau could have resolved on its own, and the very reason that exhaustion is required. *See Rice v. Sproul*, No. 20 CV 386, 2020 U.S. Dist. LEXIS 80155, at *3 (S.D. Ill. May 6, 2020) ("the entire point of exhaustion requirements is to allow agencies the opportunity to evaluate and remedy errors internally."). The exhaustion requirement is not jurisdictional and so is waived if not raised by the respondent, *see Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987), but here, the government has raised the defense, *see* Response [6] at 2-3.

In his reply brief, for the first time Mr. Lucas contends that he also suffered due process violations when the Bureau of Prisons withdrew money from his prison account as sanctions for interfering with staff and for engaging in sexual acts. *See* Reply [7] at 1-2. He contends the Bureau may withdraw money only for damage to government property. Mr. Lucas did not raise such claims in his petition. An argument raised for the first time in a reply brief are dirty pool and are forfeited. *See Narducci v. Moore*, 572 F. 3d 313, 324 (7th Cir. 2009). As a result, the Court will not address the argument further.

## CONCLUSION

Because Mr. Lucas does not assert that he first attempted to obtain copies of his disciplinary hearing officer reports through administrative remedies, his petition [1] is denied for failure to exhaust.


Date: June 29, 2022                    By:    _____
                                              Iain D. Johnston
                                              United States District Judge